## IN THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY, TEXAS
## AND IN THE TEXAS COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| EX PARTE | § | TRIAL CAUSE NO. 43885-D |
| | § | |
| WENDY RENEE SEELKE | § | |
| | § | |
| APPLICANT | § | WRIT NO. WR-40,196-04 |

### PETITIONER'S FIRST ORIGINAL RESPONSE TO STATE'S ANSWER

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

COMES NOW, Petitioner, Michael Parker, and respectfully files this, his answer as follows:

### I.

Applicant filed her original writ in regards to writ no. 43885-C. Thereafter and within the time allowed, applicant filed her supplemental application for writ of habeas corpus, with such supplemental writ being submitted by Michael Parker, Petitioner.

On October 14, 2015, this Court issued an order that stated in part the following:

> *The -03 habeas proceeding is reopened on this Court's own motion. Applicant's pro se claims remain denied. The supplemental claims are dismissed.*

It is the Petitioner's contention that the State's attorney is mistaken in their allegation that the applicant's latest supplemental application for writ of habeas corpus was denied and that this Court should by law deny applicant's refilling for relief under the writ process.

The State's attorney is confusing the terms "denied/dismissed". When a Court renders a judgment to "deny" a motion, the Court has considered each allegation as set forth in said motion and makes a ruling against the party submitting said motion. When a motion is "dismissed" by a Court, such as this Court did in regards to applicant's supplemental application for writ of habeas corpus, the merits of the motion were never considered by the Court. Applicant's supplemental

application for habeas corpus was "dismissed" for non-compliance.

The petitioner therefore argues and contends that since the Court never considered her claims as filed, that he had 15 days to re-submit the corrected supplemental application for writ of habeas corpus and that he was entitled to re-file said supplemental application, to wit, he was within said timeframe. *See* Tex. R. App. P. 79

## II.

Petitioner's corrected and resubmitted supplemental application for writ of habeas corpus is filled with numerous allegations that tend to show the applicant's state, as well as federal constitutional rights to due process were violated by the State, as well as that her court-appointed legal counsel failed to effectively represent her during her Court proceedings.

The State's attorney argues that there is no legal reason as to why the applicant's current claims were not or could not have been presented in her previous wits as filed under **Texas Code of Criminal Procedure 11.07**, section 4.

The petitioner contends that the State was aware of the possible violation of the applicant's state and federal due process rights and that only after 30 years was the applicant able to trace the necessary documents from the State that tend to prove the allegations of wrong-doing by the State.

## III.

The State contends and is mistaken. The petitioner does not deny that the applicant was a party to the crime for which she was sentenced. The petitioner does contend the following: 1) the State withheld exculpatory evidence that would have lessened the applicant's participation in the offense and that if applicant's legal counsel would have been provided the said exculpatory evidence, the applicant would have insisted on going to trial; 2) that based upon the legal advice

2

of her Court-appointed legal counsel, from the evidence provided to the applicant's attorney at the time, applicant was advised to accept the State's pleas offer; 3) that even though **Texas Code of Criminal Procedure, Art. 38.22**, section 6 was in effect in 1983, the State violated her right to a *Jackson v. Denno* hearing; 4) that based upon the fact that her then court-appointed legal counsel failed to properly investigate her claims of mitigating circumstances of physical abuse, sexual abuse and witnessing her infant sibling being murdered by her mother's boyfriend, applicant's legal counsel was ineffective in the representation of her during her trial; 5) that based upon the advice of her then court-appointed legal counsel, and the fact that said counsel failed to properly investigate her claims and that said legal counsel advised the applicant to accept the State's plea offer with the understanding that by her doing so, she would be released in 20 years.

## IV.

As argued by the State, Michael Parker is not and has never held himself out to be an attorney. **Texas Code of Criminal Procedure article 11.12** authorizes any person other than the applicant to file an application for writ of habeas corpus. The State further argues and maintains that "his presistence in re-submitting arguments that were submitted … which were denied" in their mis-statement of the facts. The facts are as follows: the applicant's original application for writ of habeas corpus was denied and the supplemental application for writ of habeas corpus was dismissed by this Court.

The law allows for resubmitting a corrected application for writ of habeas corpus within 15 days of the date the Court issues their order. Applicant resubmitted her corrected supplemental application for writ of habeas corpus within the 15 days as allowed by law.

Petitioner contends that since his corrected and resubmitted supplemental application for

3

writ of habeas corpus was timely filed with the Court, that there is no abuse of the writ process under **Texas Code of Criminal Procedure, article 11.07 § 4.**

WHEREFORE, PREMISES CONSIDERED, the Petitioner prays that his application be accepted as the applicant's resubmitted and corrected supplemental application for relief under the writ process and in all things said requested relief be granted.

RESPECTFULLY SUBMITTED,

MICHAEL PARKER,
PETITIONER

Michael Parker, Petitioner
3128 Speight Avenue
Waco, Texas 76711
Tele: (254) 732-0036

## Certificate of Service

I, Michael Parker, certify that a true and correct copy of the above and foregoing Applicant's Original Answer has been served by United States Mail, postage prepaid, on this 19th day of November, 2015, to the State's Attorney at the following address:

Bob Wortham
Criminal District Attorney
Jefferson County, Texas
1085 Pearl Street, Suite 300
Beaumont, Texas 77701

Michael Parker, Petitioner

4